UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHARD LEWIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:13-CV-675-TAV-CCS |
| ) | |
| PETE ALMEIDA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This civil matter is before the Court on defendant CarMax Auto Superstores, Inc.'s ("CarMax") Motion to Dismiss [Doc. 7], in which CarMax seeks dismissal claims filed by Richard Lewis and various other purported plaintiffs, all of whom are appearing *pro se*, against numerous defendants. Plaintiffs subsequently filed a motion to remand this case to the Circuit Court for Union County [Doc. 16] in addition to submitting responses to CarMax's motion [Docs. 28, 29]. CarMax, in turn, responded to plaintiffs' motion to remand [Doc. 29], to which plaintiffs replied [Doc. 63]. For the reasons discussed herein, plaintiffs' motion [Doc. 16] will be denied, CarMax's motion [Doc. 7] will be granted, and this case will be dismissed.

**I. Background**

This dispute arises from what plaintiffs characterize as numerous "criminal schemes" to defraud the public, involving racketeering, credit card and other forms of

fraud, extortion, and corruption [Doc. 1-1].[1] One such "scheme" involved the use of an internet-based company referred to as "Staropoly" to defraud consumers, which resulted in several cases in California and elsewhere, as outlined in the Complaint [*Id.*]. It appears that several of the plaintiffs, including Lewis, were involved in this previous litigation as plaintiffs, and that several of those cases were dismissed or otherwise resolved against plaintiffs, which plaintiffs allege is evidence of "the widespread corruption" of California courts [*Id.*]. Plaintiffs also allege that various defendants harassed them for their role in previous cases. In addition, plaintiffs claim that several attorneys, judges, and law enforcement agencies obstructed justice or otherwise hindered plaintiffs' attempts at prosecuting the earlier actions. Such conduct, plaintiffs allege, also involved minor children, resulting in plaintiffs claiming acts of child endangerment and child abuse [*Id.*].

As a result of these actions, plaintiffs allege forty-five causes of action against sixty-five named defendants, in addition to several hundred unnamed defendants.[2] Plaintiffs assert numerous claims, ranging from violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, to various Tennessee statutory and common law causes of action. Plaintiffs originally filed their complaint in

---

[1] The Court notes that the complaint in this matter [Doc. 1-1] consists of over 160 pages and over 950 numbered paragraphs, in addition to approximately 1,000 pages in exhibits. Accordingly, the Court only provides a brief summary of the allegations set forth in the complaint.

[2] In addition to himself and other relatives, Lewis is joined by two individuals named Thomas W. and Thomas W.V. Paegel, respectively, a "Nelle, Esq.," and the Body Company Sports, Inc., as well as 300 unnamed plaintiffs.

Union County Circuit Court, and CarMax removed the matter to this Court on November 13, 2013 [Doc. 1].

## II. Plaintiffs' Motion to Remand [Doc. 16]

In their motion to remand this case to Union County, pursuant to 28 U.S.C. § 1447(c), plaintiffs argue that removal in this case was improper for the following reasons: (1) the state court had concurrent jurisdiction over plaintiffs' RICO and other claims; and (2) CarMax failed to obtain the consent of its co-defendants as required by 28 U.S.C. § 1446. In response, CarMax argues that the majority of plaintiffs' claims present a federal question, giving this Court original jurisdiction under 28 U.S.C. § 1331, and that this Court has supplemental jurisdiction over plaintiffs' state claims pursuant to 28 U.S.C. § 1367. As each defendant who has been properly served has given consent to removal, CarMax contends, CarMax complied with the requirements of 18 U.S.C. § 1446 and the case has been properly removed.

28 U.S.C. § 1441 states that, except as otherwise provided, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States" where the action is pending. "Only state-court actions that could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, state-court lawsuits involving federal questions are removable under the statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

3

Constitution, laws, or treaties of the United States."). Once removed, a district court may exercise supplemental jurisdiction over those state claims that are so related to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367; *see, e.g. Ward v. Alt. Health Deliver Sys.*, 261 F.3d 624, 626 (6th Cir. 2001).

In this case, plaintiffs do not argue that there are no federal claims asserted, instead, they appear to argue that because state courts and federal courts share "concurrent jurisdiction" as to his federal claims, this Court does not have original jurisdiction so that the removal statutes do not apply. While it is true that there is a presumption in favor of concurrent state jurisdiction over any particular claim, which includes claims asserted under RICO, *Tafflin v. Levitt*, 439 U.S. 455, 460 (1987), a federal court still has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, enabling a defendant in state court to remove such a claim to the appropriate federal court under 28 U.S.C. § 1441. The concept of original jurisdiction is inapposite to the concepts of exclusive jurisdiction and ouster, whereby Congress intended federal courts alone to have jurisdiction over a claim. *See* 28 U.S.C. § 1338 ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."); *Tafflin,* 439 U.S. at 459-60 (noting that the "deeply rooted presumption in favor of concurrent state court jurisdiction is, of course, rebutted if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim."). Given the various federal claims asserted by plaintiffs,

4

including but not limited to RICO, the Court finds that this action is subject to removal under 28 U.S.C. § 1441.[3]

Under 28 U.S.C. § 1446(b), when a civil action is removed "all defendants who have been properly joined and served must join in or consent to the removal of the action." The statute also provides that when "defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

In this case, the following defendants, many of whom did not receive service until after the filing of Car Max's Notice of Removal [Doc. 1], have filed notices of their consent to removal: Farmers Insurance Company [Doc. 19]; Wells Fargo Bank National Association California and related entities [Doc. 21]; Jean-Rene Basle [Doc. 24]; Barbara Niven [Doc. 26-2]; the Beverly Hills Police Department [Doc. 34]; Zurich in North America [Doc. 66]; American Express Travel Related Services Company, Inc. [Doc. 81]; Gene Simmons [Doc. 99]; Jack Golden [Doc. 101-15]; Robert Melvin Newell, Jr. [Doc. 129], Mastercard, Inc. [Doc. 133]; and Kelsey Grammer [Doc. 140]. To the extent plaintiffs argue that several of the defendants' consents to removal were untimely filed, the Court does not find this to be adequate grounds to remand the case, as plaintiffs have

---

[3] In arguing that this case is not subject to removal, plaintiffs also argue that because an earlier version of this case was previously litigated and dismissed in federal court, this case should be remanded, as this Court is likely to reach the same conclusion. The Court finds this assertion does not support a remand of this case, and, as discussed *infra*, supports dismissal of plaintiffs' claims.

5

neither claimed nor presented any evidence of prejudice. *See Baker v. JP Morgan Chase Bank, N.A.*, Civil No. 3:12—1222, 2013 WL 5331136, at *3 (M.D. Tenn. Sept. 23, 2013) (finding argument that removal was defective absent consent from all parties was "meritless" where plaintiff had not shown prejudice). Although plaintiffs argue that two other defendants, Meki Cox and Arthur Haddock, were served prior to CarMax [Doc. 15 at 13, 14], the Court concludes that there is insufficient evidence that these defendants were "properly served" within the meaning of 28 U.S.C. § 1446(b). In support of their position that these defendants received service, plaintiffs submitted a certified mail return receipt which was originally submitted to Union County Circuit Court, showing that the mailings containing the requisite summons were signed for and received by Cox and Haddock, respectively [Doc. 15 at 13]. In examining the documents, however, it appears that the return receipt for Haddock, filled out on November 8, 2013, was not signed by Haddock himself, and although there is a signature of someone claiming to be an agent of Haddock, there is no printed name or any other indication of the relationship between the signatory and Haddock as the party to be served. Similarly, the return receipt for Cox, which was also signed for on November 8, 2013, indicates that delivery was made to an individual named Lance Botello [*Id.* at 14], but there is no evidence that this individual was a registered agent, affiliate, or otherwise had any connection to Cox or any of the corporate entities which plaintiffs allege Cox owns. Thus, the Court concludes that the mere submission of certified mail receipts in this case, without any additional evidence of service, falls short of showing that these defendants were properly served in compliance

6

with Tennessee or federal law, which would trigger the requirement that these defendants must consent to the removal of this case.[4] Accordingly, and in light of the fact that the other defendants who have appeared in this case have consented to removal, plaintiffs' motion to remand [Doc. 16] will be denied.

### III. Motion to Dismiss

CarMax, while also specifically moving for dismissal of claims against it, first asserts that plaintiffs' complaint should be dismissed in its entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. CarMax argues that plaintiffs' one hundred sixty-three page complaint, along with the ninety-five exhibits attached to it, renders their allegations confusing, making it impossible to determine whether a valid claim is presented, the basis for any such claim, or against whom it is alleged. In addition, CarMax notes that on June 20, 2013, the Court, the Honorable William O. Bertelsman, United States District Judge, presiding, dismissed with prejudice a previous form of this litigation involving many of the same plaintiffs and defendants as well as many of the same claims, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Lewis v. Korniloff*, 3:13-CV-93-WOB-HBG (E.D. Tenn. June 21, 2013). In doing so, Judge Bertelsman overruled plaintiffs' objections to and adopted the findings set forth in the report and recommendations of the magistrate judge, who had found both plaintiffs'

---

[4]The Court's conclusion in this regard is bolstered by the fact that neither Haddock nor Cox has filed an answer or otherwise made an appearance in this case, similar to many other defendants for whom service has not yet been perfected. In addition, the Court notes that many of the defendants who have appeared in this case have filed various motions for dismissal on the basis of improper or insufficient process and/or service of process [*See* Docs. 10, 13, 26, 35, 64, 80, 135, 138, and 154].

complaint and amended complaint to be verbose, prolix, and confusing, thus failing to meet the standard of Rule 8.[5]

In response, plaintiffs argue that CarMax has failed to show which parts of the complaint are verbose or confusing. Plaintiffs also respond that CarMax cannot show it is entitled to relief under Rule 12 of the Federal Rules, copying and pasting portions of their complaint into their response in order to show that they have alleged a claim that is entitled to relief. In addition, plaintiffs assert that CarMax's motion constitutes additional fraudulent acts, including fraud upon the Court, and that plaintiffs are not subject to any federal pleading provisions because their action was originally filed in state court.

Rule 8 states, in relevant part, as follows:

> (**a**) **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> (**1**) a short and plain statement of the grounds for the Court's jurisdiction, unless the Court already has jurisdiction and the claim needs no new jurisdictional support;
> (**2**) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (**3**) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.[6]

---

[5] In addition, CarMax argues that plaintiffs' RICO and other fraud-based claims, as applied to CarMax, fail to meet the heightened standard for fraud claims under Rule 9 of the Federal Rules of Civil Procedure, and that the other claims against CarMax fail to state a claim for which relief could be granted under Rule 12 of the Federal Rules of Civil Procedure. CarMax also argues that it is not subject to personal jurisdiction.

[6] Contrary to plaintiffs' assertions, as the Court finds that this case has been properly removed, the Federal Rules of Civil Procedure govern the pleadings in this case. Fed. R. Civ. P. 81(c)(1).

8

"Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The statement of the claim must be "plain" because "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The statement should also be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* (quotations omitted); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (noting that a complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"). A court is not obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a plaintiff. *Id.*; *see, e.g. Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (affirming district court's dismissal of 119 page "rambling complaint").

Although characterizing himself as a "private attorney general" [Doc. 1], plaintiff Lewis, and the other plaintiffs in this matter, are appearing *pro se*. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed . . . ." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v.*

9

*Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Courts have not been "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

In this case, plaintiffs' complaint consists of over 160 pages and 958 paragraphs devoted to the complaint, alleging forty causes of action against more than sixty defendants. In many of the alleged causes of action, plaintiffs reference various provisions of federal and Tennessee statutes, including criminal statutes, as well case law, "U.S. Common Law," and various agency regulations as the sources of their claims, without any allegations as to their application to the listed facts. Within the causes of action themselves, plaintiffs allege various unrelated criminal "schemes," which are in turn broken up into sub-schemes, and within those schemes, plaintiffs allege facts that occurred in different spaces of time and different geographic locations. Plaintiffs also

10

Case 3:13-cv-00675-TAV-CCS Document 160 Filed 06/16/14 Page 10 of 14 PageID #: 3213

name individual defendants in some of their factual allegations, yet in other causes of action plaintiffs simply allege that the claim applies to "all defendants" [*See* Doc. 1-1 ¶ 637]. Plaintiffs devote over twenty pages alone to their request for damages [*Id.*]. In addition to the complaint, which the Court finds to be verbose, prolix, and confusing, plaintiffs also submitted several hundred pages of exhibits. These documents range from written communications to plaintiffs from various attorneys pertaining to unrelated litigation in California state courts, transcripts of various court proceedings, copies of checks, profiles from social networking sites, emails, and financial disclosures for state judges to blank search results from the California Secretary of State's website and numerous other documents which, rather than providing clarification and illustration, only highlight and exacerbate the verbose and confusing nature of the complaint itself. While plaintiffs argue that the nature of their complaint is driven by the fact that the underlying claim in this case is a civil RICO claim, "the caselaw is clear that, although RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8(a)(2) . . . ." *Vicom*, 20 F.3d at 776 (collecting cases). Thus, the Court finds that plaintiffs' complaint fails to meet the requirements of Rule 8(a).

There remains, however, the issue of whether to permit plaintiffs to amend their complaint or otherwise permit plaintiffs to refile the complaint in compliance with Rule 8(a). As noted by courts faced with complaints which violate Rule 8, the normal course is for courts to grant leave to amend the complaint or otherwise give plaintiff another chance at complying with the rule. *See Salahuddin*, 861 F.2d at 42 (noting that when a court chooses to dismiss, "it normally grants leave to file an amended pleading"); *see, e.g. Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (noting that dismissing case without prejudice "allows the plaintiff another go at trimming the verbiage"). Courts do, however, have the ability to dismiss a prolix complaint without leave to amend in circumstances where leave to amend has previously been given and successive pleadings continue to be prolix and incomprehensible or where there is actual prejudice to the defendant. *See Salahuddin*, 861 F.2d at 42-43; *Nasious*, 492 F.3d at 1162.

Although plaintiffs have not had the opportunity to amend their complaint, the Court nonetheless finds that dismissal without leave to amend or refile, that is, dismissal with prejudice, is appropriate in this case. In reaching this conclusion, the Court relies upon the fact that in earlier litigation involving many of the same parties, plaintiffs originally filed a complaint consisting of one hundred twenty-two pages and naming fifty individual defendants. *Lewis v. Korniloff*, 3:13-CV-93-WOB-HBG (E.D. Tenn. Mar. 13, 2013) (Guyton, M.J.). After the magistrate judge in that case entered a recommendation of dismissal pursuant to Rule 41(b), plaintiffs filed a motion to amend, which was granted

by the Court. Plaintiffs' amended complaint similarly was one hundred twenty-one pages long, alleged thirty-four cases of action against fifty defendants, and, as the magistrate judge found in his amended report and recommendation, failed to cure any of the Rule 8 deficiencies of the original complaint. *Lewis v. Korniloff*, 3:13-CV-93-WOB-HBG (E.D. Tenn. May 16, 2013) (Guyton, M.J.). Thus, plaintiffs have had three opportunities to comply with Rule 8, and, given that the complaint filed in this case is forty pages longer than either of its previous incarnations, the Court finds that an another opportunity to amend would not remedy the complaint's shortcomings.[7] In addition, the Court notes that the defendants in this case would be prejudiced were plaintiffs afforded another opportunity to comply with the rules, given the number of defendants involved and the cluttered, confusing nature of the allegations, as previously discussed. Accordingly, the Court concludes that dismissal with prejudice is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[8] Because the Court finds that its analysis in this regard applies to each defendant, the case will be dismissed in its entirety.

---

[7] The Court's conclusion is bolstered by the fact that plaintiffs admit in their motion to remand [Doc. 16] that they filed the action in state court in part because the action had been dismissed in federal court.

[8] As the Court finds the complaint deficient under Rule 8, the Court need not address CarMax's remaining arguments for dismissal.

**IV. Conclusion**

For the reasons previously discussed, plaintiffs' Motion to Remand [Doc. 16] will be **DENIED**, defendant Car Max's Motion to Dismiss [Doc. 7] will be **GRANTED**, plaintiffs' claim will be **DISMISSED with prejudice** as to all defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and this case will be **CLOSED**.[9]

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[9]In light of the Court's disposition of Car Max's motion [Doc. 7], all other remaining motions in this case [Docs. 10, 13, 25, 26, 35, 38, 60, 61, 64, 80, 84, 90, 100, 102, 103, 104, 108, 135, 138, 148, 154, 156, 157, and 158] are hereby **denied as moot**.